■ DAVID SCHONZEIT et al., Appellants, v JEREMY WIESEN, Respondent. (And a Third-Party Action.)—Order and judgment (one paper) of the Supreme Court, New York County (Charles Ramos, J.), entered on July 18, 1988, which granted defendant's motion pursuant to CPLR 3212 for summary judgment dismissing the complaint and for the defendant on his counterclaim, and denied the plaintiff's cross motion for summary judgment pursuant to CPLR 3212 or, in the alternative, for an order imposing sanctions pursuant to CPLR 3126, is unanimously affirmed, without costs, for the reasons stated by Ramos, J.

Defendant submitted uncontradicted proof that he had complied with the terms of the contract of sale regarding application for the cooperative board's approval.

Plaintiffs had no legitimate reason to declare defendant in default. There is no merit to plaintiffs' contention that their demand for liquidated damages was anything but a repudiation of the contract of sale. The purpose of liquidated damages is to compensate a plaintiff for permitting a defendant to terminate his contractual obligations *(Muzak Corp. v Trattner,* 28 Misc 2d 504 [App Term, 1st Dept]).

We have reviewed plaintiffs' other arguments and find them to be without merit. Concur—Murphy, P. J., Kupferman, Carro, Kassal and Wallach, JJ.